**HEDGES v. F. & C. R. CO., Inc. et al.**

Court of Appeals of Kentucky.

Feb. 5, 1954.

Jesse K. Lewis, Lexington, for appellant.

I. J. Miller, Lexington, for appellees.

CULLEN, Commissioner.

In December 1944 Jonas Hedges suffered injuries to his head in an accident arising out of his employment as a section foreman for the F. & C. Railroad Company. A settlement agreement was reached allowing him compensation for 27 percent permanent partial disability, and this settlement was approved by the Workmen's Compensation Board so as to acquire the status of an award by the board. The compensation was paid in a lump sum.

Mr. Hedges returned to work several months after the accident and continued to work at the same job until late in 1949, when he was involved in another accident and was discharged by the railroad. Early in 1950 he filed application to reopen the previous award, on the ground that by reason of a gradual mental deterioration due to the 1944 injury, he had become totally and permanently disabled.

In the proceedings before the Workmen's Compensation Board on the application to reopen the award, it was stipulated that the only issue was whether Hedges had been totally and permanently disabled by reason of the 1944 injury. The board found that Hedges' mental deterioration was not due to the 1944 injury, and therefore dismissed the application. On appeal to the circuit court the order of the board was affirmed. Hedges has appealed from the judgment of the circuit court.

The evidence in support of the application to reopen was that Hedges had suffered a gradual mental deterioration, particularly with respect to his memory faculty, from the time he returned to work following the 1944 accident until the time he was discharged by the railroad as being unfit for further employment. His family doctor, who had no special training in neurology, was of the opinion that the mental deterioration was due to the 1944 accident. Dr. McIntyre of Cincinnati, a neurologist, basing his opinion on the patient's history and upon an electroencephalogram also testified that the mental deterioration was due to the accident.

Evidence to the contrary was given by Dr. Jelsma of Louisville and Dr. Angelucci of Lexington, both of whom are specialists in neurology. Dr. Jelsma had examined Mr. Hedges, at the request of his family doctor, about 20 days after the 1944 accident. He made what is known as an "air" encephelogram examination, which involved withdrawing the spinal fluid from the brain, inserting oxygen in its place, and taking X-ray pictures. From this examination Dr. Jelsma found no blood clot or hemorrhage. Three months later he had made another examination of Mr. Hedges and found that he had made an excellent recovery, both physically and mentally. Dr. Jelsma again examined the patient in 1950, and found no physical reason for his mental condition. Dr. Jelsma testified that, in the absence of a blood clot or hemorrhage, there will not be a gradual mental deterioration following a trauma to the brain, but on the contrary the mental condition either will remain the same or will improve. Dr. Jelsma observed that the patient's loss of memory was "selective" rather than absolute; there was no impairment of the power of speech; and there was no increase of reflexes such as normally occurs with a progressive change of brain tissue due to material causes. It was Dr. Jelsma's opinion that any mental deterioration suffered by Mr. Hedges was not attributable to the 1944 accident.

Dr. Angelucci, who examined Mr. Hedges in 1950, likewise was of the opinion that the 1944 accident was not the cause of any mental deterioration. An electroencephelogram made at Dr. Angelucci's request showed a normal brain condition. Dr. Angelucci was positive in his opinion that a gradual mental deterioration would not result from the type of trauma Mr. Hedges had received.

Neither Dr. Jelsma nor Dr. Angelucci could find any reason for Mr. Hedges' condition, other than the occurrence of vascular changes such as accompany arteriorsclerosis. (Mr. Hedges was 57 years of age.)

From the foregoing brief resume of the evidence, it will be obvious that there was evidence of probative value supporting the finding of the Workmen's Compensation Board that Mr. Hedges' disability was not due to the 1944 accident. Therefore the circuit court properly upheld the order of the board.

The judgment is affirmed.